IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00934-BNB

MR. ROBERT C. HOPES, JR.,

Plaintiff,

v.

M. COLLINS, Unit Manager, et al.,
A. FENLON, Case Manager, et al.,
R. MADISON, et al.,
U. S. DEPARTMENT OF JUSTICE, et al.,
UNITED STATES DEPARTMENT OF JUSTICE, et al., and
FEDERAL BUREAU OF PRISONS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

Plaintiff, Robert C. Hopes, Jr., is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On May 13, 2008, Mr. Hopes submitted to and filed with the Court *pro se* two motions titled "Motion for Preliminary Injunction in Good Faith Pursuant Rule 65(o) [sic] of Federal Rule Civil Procedure" (first preliminary injunction motion) and "Motion for Preliminary Injunction Against Defendants for Infringement of Federal Protected First Amendment Rights Pursuant to Fed. Rule of Civil Procedure 65(a), and 8 USC 3626(a) 18 USC 3626(a)" (second preliminary injunction motion).

The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the motions liberally. For the reasons stated below, the motions will be denied.

The first preliminary injunction motion is handwritten on a scrap of paper and contains no allegations. In the second preliminary injunction motion, also handwritten on a small sheet of paper, Mr. Hopes alleges that the BOP is interfering with his right of access to the courts by "doing their very best to prevent plaintiff from filing meaningful and meritorious non-frivolous claims of violation of ongoing daily violation of his First and Eighth amendment rights to access the courts, and be free from cruel unusual punishments, and all manner of retaliation by interfering with plaintiff access to the courts." *See* second preliminary injunction motion at 1.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Plaintiff fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Based on Plaintiff's filings in this action, it is clear to the Court that Plaintiff is not being denied the opportunity to prepare and file legal documents and that he is able to respond to court orders.

Mr. Hopes continues to file documents in this action that do not comply with this Court's local rules of practice, specifically D.C.COLO.LCivR 10.1 concerning the format and copies of papers presented for filing. Pursuant to D.C.COLO.LCivR 10.1, all

documents filed with the Court must be on 8 1/2- by 11-inch white paper. Margins must be 1 1/2 inches at the top and 1 inch at the left, right, and bottom. All papers must be typewritten or handwritten using black ink and not less than 12-point font, and all papers must be double-spaced. Mr. Hopes' filings continue to violate this rule. Therefore, the clerk of the Court will be directed to mail to Plaintiff, together with a copy of this order, a copy of D.C.COLO.LCivR 10.1, as well as a copy of Appendix E to the local rules, which demonstrates the format of any filings to be made with the Court. Mr. Hopes' future filings must comply with D.C.COLO.LCivR 10.1. Any of Mr. Hopes' future filings that fail to comply with D.C.COLO.LCivR 10.1 will not be considered by the Court. Accordingly, it is

ORDERED that the motions titled "Motion for Preliminary Injunction in Good Faith Pursuant Rule 65(o) [sic] of Federal Rule Civil Procedure" and "Motion for Preliminary Injunction Against Defendants for Infringement of Federal Protected First Amendment Rights Pursuant to Fed. Rule of Civil Procedure 65(a), and 8 USC 3626(a) 18 USC 3626(a)," that Plaintiff, Robert C. Hopes, Jr., submitted to and filed with the Court on May 13, 2008, are denied. It is

FURTHER ORDERED that the clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, copies of D.C.COLO.LCivR 10.1 and of Appendix E to the local rules. It is

FURTHER ORDERED that Mr. Hopes' future filings must comply with D.C.COLO.LCivR 10.1. It is

FURTHER ORDERED that any of Mr. Hopes' future filings that fail to comply with D.C.COLO.LCivR 10.1 will not be considered by the Court.

DATED at Denver, Colorado, this 28 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00934-BNB

Robert C. Hopes, Jr.,
Reg. No. 04249-180
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER, a copy of D.C.COLO.LCivR 10.1, and a copy of Appendix E** to the above-named individuals on 5/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk