IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00934-BNB

MR. ROBERT C. HOPES, JR.,

Plaintiff,

v.

M. COLLINS, Unit Manager, et al.,
A. FENLON, Case Manager, et al.,
R. MADISON, et al.,
U. S. DEPARTMENT OF JUSTICE, et al.,
UNITED STATES DEPARTMENT OF JUSTICE, et al., and
FEDERAL BUREAU OF PRISONS, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Plaintiff, Robert C. Hopes, Jr., is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has filed *pro se* an amended civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He asks for declaratory and injunctive relief and for money damages.

Mr. Hopes has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Hopes is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Hopes is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Hopes asserts three claims of interference with his access to the courts, none of which is the model of clarity. Nonetheless, the Court has made its best efforts to summarize his claims. As his first and second claims, he contends Defendants either are not making photocopies of legal documents he plans to submit to the courts or are making photocopies of such documents but are not delivering them to him in a timely manner. As his third claim, he asserts that his access to the courts is being violated because Defendants have not returned his grievances to him.

2

To set forth a claim of denial of access to the courts, a plaintiff must plead and prove that he actually was impeded in his ability to conduct a particular case. *See Lewis v. Casey*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

Mr. Hopes does not assert that a lack of photocopies or returned grievances has hindered his efforts to pursue the instant action. In fact, the Court has not ordered him in the instant action to provide photocopies of documents or to demonstrate exhaustion of administrative grievances. In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Secondly, an inmate's efforts may be hindered when the inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case. Therefore, the amended complaint must be dismissed. Accordingly, it is

ORDERED that the amended complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that the motion for injunctive relief titled "Motion for Preliminary Injunction, and Motion for Injunctive Relief" that Mr. Hopes submitted to and filed with the Court on June 9, 2008, is denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00934-BNB

Robert C. Hopes, Jr.,
Reg. No. 04249-180
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on   6/17/08  .

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk